NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted July 25, 2008[*]

Decided July 29, 2008

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

**No**. 07-3245

SYED RIZVI,
    *Petitioner*,

        **v.**

MICHAEL B. MUKASEY, Attorney General of the
United States,
    *Respondent*.

Petition for Review of an
Order of the Board of
Immigration Appeals.

No. A76-775-569

**Order**

    Syed Rizvi (immigration officials call him Q. Rizvi Syed, but we use his own preference) has been in the United States without legal authority since his visitor's visa expired in 1992. When removal proceedings began in 2000, Rizvi did not appear for his hearing and was ordered removed *in absentia*. The Board of Immigration Appeals affirmed, observing that his excuse for the default (that he had not been notified of the hearing's date) was unsupported by evidence. Rizvi did not obey the order to leave the United States. He asked for reopening; the Board of Immigration Appeals denied that

---

    [*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

motion because there was still no evidence that notice had not been given. He filed another application, this time accompanied by an affidavit that he had not received notice of the hearing, but the Board denied this motion in 2003 because the statute allows only one motion to reopen. An alien cannot keep filing until he finally supplies essential evidence. Again Rizvi defied the order to depart. For unexplained reasons, immigration officials did not enforce the order.

In 2007 Rizvi filed a third motion for reopening, addressed not to the notice question that had occupied the Board on the three earlier occasions (the appeal plus two motions to reopen), but to a claim that Rizvi would face religious persecution in Pakistan. That argument was before the Board for the first time. The Board denied this motion as both untimely and successive. Although the time-and-number limits on motions to reopen do not apply if country conditions have deteriorated materially since the last decision, the Board did not reach that issue. Rizvi contended that he will be persecuted because he is married to a person of Jewish descent and because the radical Islamic faction in Pakistan, which opposes such marriages, has been gaining adherents. But the Board noted that Rizvi's marriage occurred in 2000 and that arguments about the effect of the marriage could have been presented long before 2007. Rizvi did not claim asylum before the immigration judge in 2000 (he was well past the one-year-from-entry limit for seeking asylum), or ask for asylum or withholding of removal in either of the first two motions to reopen; the Board thought that he lacked any good reason to wait until 2007, even if country conditions *had* deteriorated, when the basis of the motion (his marriage, and the occasional violence in Pakistan between radicals and moderate Muslims such as Rizvi) dates to 2000 and before.

Rizvi contends that the Board abused its discretion by denying his third motion to reopen, but claims of abuse of discretion in dealing with motions to reopen fall outside this court's jurisdiction. *Kucana v. Mukasey*, No. 07-1002 (7th Cir. July 7, 2008); *Li Fang Huang v. Mukasey*, No. 07-2961 (7th Cir. July 15, 2008).

Under 8 U.S.C. §1252(a)(2)(D), only statutory and constitutional arguments are available in this court. In a supplemental memorandum addressed to the effect of *Kucana* and §1252(a)(2)(D), Rizvi contends that he has presented a constitutional argument: That the Board violated the due process clause by failing to resolve the merits of his claim for asylum. But a decision whether to reopen precedes any consideration of the merits, which need be discussed only if the case is reopened. A litigant might as well argue that, before dismissing an appeal as untimely, this court is constitutionally obliged to decide the case on the merits. Judges, and agencies, are entitled to deny rehearing or reopening without making a fresh decision on the merits. A valid procedural ground of decision makes it unnecessary to resolve the merits. See, e.g., *INS v. Bagamasbad*, 429 U.S. 24 (1976).

Rizvi also contends that the Board committed an error of statutory interpretation when concluding that his motion was untimely. Such an argument is within our jurisdiction, but the Board did not make a legal error. Section 1229a(a)(c)(7)(C)(i) sets a 90-day limit, and subsection (ii) adds that this limit does not apply if material evidence

of changed country conditions was unavailable in time to present it at any earlier proceeding. The Board understood this. It concluded that Rizvi could have presented his principal arguments in 2000 or 2001. Whether the Board abused its discretion or otherwise erred in reaching that conclusion in light of the particular evidence and arguments that Rizvi adduced is not a matter of statutory construction; instead, for reasons explained in *Kucana*, that is the sort of question a court of appeals lacks jurisdiction to consider.

Rizvi's brief in this court cites documents that were never presented to the Board, and his lawyer also asserts (without supporting evidence) that Rizvi has converted to Judaism and thus would be at considerably greater risk in Pakistan. Arguments and evidence never presented to the agency are not properly presented to the court either. (And a change in an alien's *personal* circumstances is not a proper ground for reopening; the statute requires proof of changed country conditions.)

The petition for review is denied to the extent it asserts that the Board misconstrued 8 U.S.C. §1229a(c)(7)(C)(ii) and otherwise is dismissed for lack of jurisdiction.